**O'BRIEN, BELLAND & BUSHINSKY, LLC**
1526 Berlin Road
Cherry Hill, New Jersey 08003
856-795-2181
*Attorneys for Plaintiffs*
By:   Steven J. Bushinsky, Esquire,
        David T. Szawlewicz, Esquire

| | |
|---|---|
| **TRUSTEES OF THE UFCW LOCAL 152 HEALTH AND WELFARE FUND FOR AND ON BEHALF OF THEMSELVES AND SAID FUND, AND THE BOARD OF TRUSTEES; TRUSTEES OF THE UFCW LOCAL 152 SAVINGS PLAN FOR AND ON BEHALF OF THEMSELVES AND SAID FUND, AND THE BOARD OF TRUSTEES; TRUSTEES OF THE UNITED FOOD AND COMMERCIAL WORKERS UNION AND PARTICIPATING FOOD INDUSTRY EMPLOYERS HEALTH AND WELFARE FUND FOR AND ON BEHALF OF THEMSELVES AND SAID FUND, AND THE BOARD OF TRUSTEES; TRUSTEES OF THE UNITED FOOD AND COMMERCIAL WORKERS UNION RETIREMENT AND SAVINGS PLAN FOR AND ON BEHALF OF THEMSELVES AND SAID FUND, AND THE BOARD OF TRUSTEES,** <br><br>27 Roland Avenue, Suite 100 <br>Mount Laurel, New Jersey 08054 <br>                                                *Plaintiffs,* <br>            vs. | UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEW JERSEY <br><br> Civil Action No.: <br><br> **COMPLAINT** |

| | |
|---|---|
| **LIBERTY FOOD STORE, INC. t/a RISOLDI'S MARKET,**<br><br>3100 Quakerbridge Road<br>Mercerville, NJ 08619<br><br>                    *Defendant(s).* | |

## JURISDICTION AND VENUE

1. The jurisdiction of this court is invoked pursuant to Sections 502(e)(1) and (f) and 515 of the Employment Retirement Income Security Act of 1974 (ERISA), 29 U.S.C. §1132(e)(1) and (f) and §1145 respectively, and §301 of the Labor Management Relations Act (LMRA), 29 U.S.C. §185; and 28 U.S.C. §1331.

2. This Court is one of proper venue pursuant to Section 502(e)(2) of ERISA, 29 U.S.C. §1132(e)(2), and Section 301 of the LMRA, 29 U.S.C. § 185 because the Plaintiff Trust Funds are administered in the State of New Jersey, the breach took place in New Jersey, and Defendant maintained or maintains a principal place of business in the State of New Jersey.

3. A copy of this Complaint is being served on the Secretary of Labor and the Secretary of the Treasury of the United States by certified mail in accordance with 29 U.S.C. §1132(h).

## PARTIES

4. Plaintiff(s), Trustees of the UFCW Local 152 Health and Welfare Fund; Trustees of the UFCW Local 152 Savings Plan; Trustees of the United Food and Commercial Workers Union and Participating Food Industry Employers Health and Welfare Fund; Trustees of the United Food And Commercial Workers Union Retirement and Savings Plan for and on behalf of themselves and said Funds, and The Boards of Trustees, (hereinafter "Funds") are labor-management trust funds organized and operated pursuant to trust agreement(s) and Collective Bargaining Agreement(s) in accordance with section 302(c)(5) of LMRA, 29 U.S.C. § 186(c)(5). The Funds are employee benefit plans within the meaning of section 3(3) of ERISA, 29 U.S.C. § 1002(3), and multiemployer plans within the meaning of section 3 (37) of ERISA 29 U.S.C. § 1002(37).

5. The Funds are authorized to commence this action and to sue in their own names pursuant to Section 502(d)(1) of ERISA, 29 U.S.C. §1132(d)(1).

6. The Trustees of the Funds are fiduciaries within the meaning of Section 3(21) of ERISA, 29 U.S.C. § 1002(21)(A).

7. UFCW Local 152 Health & Welfare Benefit Fund maintains their principal place of business at 27 Roland Avenue, Suite 100, Mount Laurel, New Jersey 08054.

8. UFCW Local 152 Savings Plan Fund maintains their principal place of business at 27 Roland Avenue, Suite 100, Mount Laurel, New Jersey 08054.

9. UFCW Health & Welfare Fund maintains their principal place of business at 27 Roland Avenue, Suite 100, Mount Laurel, New Jersey 08054.

10. UFCW Retirement and Savings Plan Fund maintains their principal place of business at 27 Roland Avenue, Suite 100, Mount Laurel, New Jersey 08054.

11. Plaintiffs bring this action on behalf of their Trustees, committee members, participants and beneficiaries pursuant to Section 502 of ERISA, 29 U.S.C. §1132; and Section 301 of LMRA, 29 U.S.C. §185.

12. Defendant, Liberty Food Store, Inc, t/a Risoldi's Market (hereinafter referred to as "Risoldi's") or "defendant" or "employer" and "Party in Interest" as defined in Sections 3(5) and 3(14) of ERISA, 29 U.S.C. §1002(5) and (14) respectively.

13. Upon information and belief, Defendant maintains their principal place of business at 3100 Quakerbridge Road, Mercerville, NJ 08619.

## COUNT ONE

14. The Funds incorporate the allegations in paragraphs 1-13 of this Complaint as though set forth herein in their entirety.

15. The Collective Bargaining Agreement in effect between Risoldi's and the UFCW Union Local 152 requires that certain contributions be made to the Local 152 Funds on behalf of the employees of Defendant.

16. Defendant has failed to remit and/or has only remitted a portion of the required contributions to the Fund for the benefit of its employees including, but not limited to, the period of February 2016 through August 2017 for the **UFCW Local 152 Health & Welfare Fund**.

17. In addition to the aforementioned delinquency, a payroll compliance review was conducted for the plan year 2014 for the **UFCW Local 152 Health & Welfare** Benefit Fund which revealed additional delinquencies.

18. Payment of the delinquencies enumerated herein has been demanded by the Plaintiffs on several occasions and Defendant Risoldi has failed to remit the required contributions.

19. The failure of Risoldi to pay the required contributions constitutes a prohibited transaction as described in Section 406(a)(1)(B) of ERISA, 29 U.S.C. §1106(a)(1)(B).

20. Risoldi's failure to pay the delinquencies enumerated is violative of Section 515 of ERISA, 29 U.S.C. §1145.

21. This action is brought by the fiduciaries of the Funds pursuant to

Sections 502(g)(2) and 505 of ERISA, 29 U.S.C. §1132(g)(2) and §1145, pursuant to which the Court is directed to award all unpaid contributions, interest, liquidated damages up to or exceeding 20 percent, reasonable attorneys' fees, court costs, and any other fees or relief which the Court deems appropriate.

**WHEREFORE**, Plaintiffs respectfully request the following relief:

(A) Order Defendant(s) Risoldi to pay contributions due and owing to Plaintiff Funds for all periods outstanding.

(B) Order Defendant Risoldi to pay interest on the delinquent contributions at the rate provided by Section 502(g) of ERISA, 29 U.S.C. §1132(g).

(C) Order Defendant Risoldi to pay liquidated damages as provided by Section 502(g) of ERISA, 29 U.S.C. §1132(g).

(D) Order Defendant Risoldi to specifically perform all obligations to the Plaintiff Funds under the Collective Bargaining Agreement and Memorandum of Agreement.

(E) Order Defendant Risoldi to pay Plaintiffs' counsel's reasonable attorneys' fees incurred in the prosecution of this action as provided by Section 502(g) of ERISA, 29 U.S.C. §1132(g).

(F) Order such other and further relief as this Court may deem just

and appropriate.

**WHEREFORE**, Plaintiffs demand judgment against Defendant(s) Risoldi for all contributions owed to **UFCW Local 152 Health & Welfare Fund** together with lawful interest, liquidated damages, costs of suit, reasonable counsel fees and such other and further relief which the court deems equitable and just.

## COUNT TWO

22. The Funds incorporate the allegations in paragraphs 1-21 of this Complaint as though set forth herein in their entirety.

23. The Collective Bargaining Agreement in effect between Risoldi's and the UFCW Union Local 152 requires that certain contributions be made to the Local 152 Funds on behalf of the employees of Defendant.

24. Defendant has failed to remit and/or has only remitted a portion of the required contributions to the Fund for the benefit of its employees including, but not limited to, the period of August 2016 through June 2017 for the **UFCW Local 152 Savings Plan**.

25. Payment of the delinquencies enumerated herein has been demanded by the Plaintiffs on several occasions and Defendant Risoldi has failed to remit the required contributions.

26. The failure of Risoldi to pay the required contributions constitutes a

prohibited transaction as described in Section 406(a)(1)(B) of ERISA, 29 U.S.C. §1106(a)(1)(B).

27 Risoldi's failure to pay the delinquencies enumerated is violative of Section 515 of ERISA, 29 U.S.C. §1145.

28. This action is brought by the fiduciaries of the Funds pursuant to Sections 502(g)(2) and 505 of ERISA, 29 U.S.C. §1132(g)(2) and §1145, pursuant to which the Court is directed to award all unpaid contributions, interest, liquidated damages up to or exceeding 20 percent, reasonable attorneys' fees, court costs, and any other fees or relief which the Court deems appropriate.

**WHEREFORE**, the Fund demands judgment against Defendant, Risoldi's, for all contributions owed to the **UFCW Local 152 Savings Plan** together with lawful interest, liquidated damages, costs of suit, reasonable attorney's fees, and such other and further relief which this Court deems equitable and just.

## COUNT THREE

29. The Funds incorporate the allegations in paragraphs 1-28 of this Complaint as though set forth herein in their entirety.

30. The Collective Bargaining Agreement ("CBA") in effect between Risoldi and the United Food and Commercial Workers Union ('Union") requires that certain contributions be made to the Fund on behalf of the employees of

Risoldi.

31. Defendant has failed to remit and/or has only remitted a portion of the required contributions to the Fund for the benefit of its employees including, but not limited to, the period of May 2016 through June 2017 for the **UFCW Health and Welfare Fund**.

32. In addition to the aforementioned delinquency, a payroll compliance review was conducted for the plan years 2013, 2014 and 2015 for the **UFCW Health and Welfare Fund** which revealed additional delinquencies.

33. Payment of the delinquencies enumerated herein has been demanded by the Plaintiffs on several occasions and Defendant Risoldi has failed to remit the required contributions.

34. The failure of Risoldi to pay the required contributions constitutes a prohibited transaction as described in Section 406(a)(1)(B) of ERISA, 29 U.S.C.§1106(a)(1)(B).

35. Risoldi's failure to pay the delinquencies enumerated is violative of Section 515 of ERISA, 29 U.S.C. §1145.

36. This action is brought by the fiduciaries of the Funds pursuant to Sections 502(g)(2) and 505 of ERISA, 29 U.S.C. §1132(g)(2) and §1145, pursuant to which the Court is directed to award all unpaid contributions, interest,

liquidated damages up to or exceeding 20 percent, reasonable attorneys' fees, court costs, and any other fees or relief which the Court deems appropriate.

**WHEREFORE**, the Fund demands judgment against Defendant, Risoldi's, for all contributions owed to the **UFCW Health and Welfare Fund** together with lawful interest, liquidated damages, costs of suit, reasonable attorney's fees, and such other and further relief which this Court deems equitable and just.

## COUNT FOUR

37. The Funds incorporate the allegations in paragraphs 1-36 of this Complaint as though set forth herein in their entirety.

38. The Collective Bargaining Agreement ("CBA") in effect between Risoldi and the United Food and Commercial Workers Union ('Union") requires that certain contributions be made to the Fund on behalf of the employees of Risoldi.

39. Defendant has failed to remit and/or has only remitted a portion of the required contributions to the Fund for the benefit of its employees including, but not limited to, the period of November 2016 through July 2017 for the **UFCW Retirement and Savings Plan.**

40. In addition to the aforementioned delinquency, a payroll compliance review was conducted for the plan years 2013, 2014 and 2015 for the **UFCW**

**Retirement and Savings Plan** which revealed additional delinquencies.

41. Payment of the delinquencies enumerated herein has been demanded by the Plaintiffs on several occasions and Defendant Risoldi has failed to remit the required contributions.

42. The failure of Risoldi to pay the required contributions constitutes a prohibited transaction as described in Section 406(a)(1)(B) of ERISA, 29 U.S.C.§1106(a)(1)(B).

43. Risoldi's failure to pay the delinquencies enumerated is violative of Section 515 of ERISA, 29 U.S.C. §1145.

44. This action is brought by the fiduciaries of the Funds pursuant to Sections 502(g)(2) and 505 of ERISA, 29 U.S.C. §1132(g)(2) and §1145, pursuant to which the Court is directed to award all unpaid contributions, interest, liquidated damages up to or exceeding 20 percent, reasonable attorneys' fees, court costs, and any other fees or relief which the Court deems appropriate.

**WHEREFORE**, the Fund demands judgment against Defendant, Risoldi's, for all contributions owed to the **UFCW Retirement and Savings Plan** together with lawful interest, liquidated damages, costs of suit, reasonable attorney's fees, and such other and further relief which this Court deems equitable and just.

 

                             **O'BRIEN, BELLAND & BUSHINSKY, LLC**
                             Attorneys for Plaintiffs

Dated: 9/6/17

                             Steven J. Bushinsky, Esquire
                             David T. Szawlewicz, Esquire